IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

BOAZ PLEASANT-BEY, #473110	)
	)
v.	)	No.  1:22-cv-0033
	)
UNITED STATES CONGRESS, et al.	)

TO:   Honorable William L. Campbell, Jr., United States District Judge

## REPORT AND RECOMMENDATION

By Memorandum Opinion and Order entered November 9, 2022 (Docket Entry Nos. 11 and 12), the Court referred this *pro se* prisoner civil rights action to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the undersigned respectfully recommends that this action be dismissed without prejudice.

Boaz Pleasant-Bey ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Turney Center Industrial Complex in Only, Tennessee. He filed this *pro se* lawsuit on September 6, 2022, seeking various forms of relief and naming a variety of federal and state government bodies and officials as defendants based on allegations of wrongdoing and of violations of his federal and state constitutional rights.

Upon initial review, the Court found that Plaintiff stated arguable, but limited, claims for injunctive relief against the TDOC Commissioner and Assistant Commissioner based upon alleged infringements upon Plaintiff's ability to exercise his religious beliefs. *See* Order (Docket Entry No. 12). All other claims and defendants were dismissed. *Id*. at 2. The Court subsequently

denied Plaintiff's motion to reconsider its initial review Order. *See* Order entered December 1, 2022 (Docket Entry No. 14).

In its initial review Order, the Court directed Plaintiff to complete service packets for the two defendants and return the completed service packets to the Clerk's Office within 21 days of entry of the Order so that process could issue to the two defendants. *See* Docket Entry No. 12 at 1-2. To date, Plaintiff has not returned completed service packets or responded in any manner to the Court's directive.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendants be served with process within 90 days of the date the action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Plaintiff has not returned completed service packets as directed by the Court and has not taken the necessary steps to have the defendants served with process within the time period set out in Rule 4(m), this action should be dismissed.

## RECOMMENDATION[1]

For the reasons set out above, it is respectfully RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed under Rule 4(m).

72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge